******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EVANGELOS STAMATOPOULOS *v.* ECS NORTH
AMERICA, LLC
(AC 38173)

Lavine, Sheldon and Flynn, Js.

*Argued November 17, 2016—officially released April 4, 2017*

(Appeal from Superior Court, judicial district of
Middlesex, Hon. Barbara M. Quinn, judge trial referee.)

*Robert T. Rimmer*, for the appellant (plaintiff).

*Thomas J. Farrell*, for the appellee (defendant)

PER CURIAM. The plaintiff, Evangelos Stamato-poulos, appeals from the judgment of the trial court, rendered after a bench trial, in favor of the defendant, ECS North America, LLC, on both of the plaintiff's claims for conversion and replevin. He claims that the court erroneously concluded that the defendant was a good faith purchaser of the subject property for value under the Uniform Commercial Code, General Statutes § 42a-1-101 et seq. We conclude, however, that this claim is moot because there is an independent, unchallenged ground upon which we may affirm the court's judgment for the defendant on both counts of the complaint. Accordingly, we dismiss this appeal for lack of subject matter jurisdiction.

Because we resolve this appeal on jurisdictional grounds, we set forth only the facts and procedural history germane to our discussion of that issue. In its July 10, 2015 memorandum of decision, the court found the following facts. As of 2009, a group of Ohio businesses[1] were titleholders to a Tag-A-Long, a piece of heavy machinery used for removing paint from bridges. On December 21, 2009, the Ohio businesses executed an assignment of title for the Tag-A-Long in favor of Erie Painting and Maintenance, Inc. (Erie). Approximately six months later, on June 7, 2010, the Ohio businesses filed for bankruptcy. The plaintiff, interested in purchasing the Ohio businesses' assets, contacted their principal creditor and reviewed that creditor's inventories of their assets, one of which listed the Tag-A-Long as an asset.

On June 13, 2011, the plaintiff purchased the Ohio businesses' assets for $270,000 pursuant to an asset purchase agreement (agreement). Article I of the agreement, however, entitled "Assets, Rights, and Liabilities," contained an important caveat with respect to the equipment covered by the agreement. It provided that, although the plaintiff "shall purchase and acquire . . . all of the assets used by [the Ohio businesses] in connection with the [b]usiness," the plaintiff "acknowledges that certain assets in these exhibits may be duplicative and the lists are not exhaustive of every piece of equipment owned or possessed by [the Ohio businesses], *and that certain pieces of equipment . . . may have been disposed of prior to its bankruptcy filings* but are intended to be representative of [the Ohio businesses'] good faith attempt to list all its holdings being transferred hereunder as 'all equipment.'" (Emphasis added.)

On May 23, 2012, approximately two and one-half years after it was assigned title to the Tag-A-Long, Erie sold the Tag-A-Long to the defendant for $100,000. After learning of the defendant's claim to the Tag-A-Long, the plaintiff commenced this action against the defendant

in January, 2014, alleging causes of action for conversion and replevin. Forming the basis for both of the plaintiff's claims was his allegation that he owned the Tag-A-Long because it was among the assets he purchased from the Ohio businesses pursuant to the 2011 agreement.[2]

On July 10, 2015, following a bench trial, the court found for the defendant on both counts of the complaint. The court's decision was based upon two principal findings. First, the court emphasized that, to prevail on either his conversion or replevin claim, the plaintiff had to "[prove] his claim to ownership of the Tag-A-Long by a preponderance of the evidence . . . ." The court observed that the agreement upon which the plaintiff's claim to ownership was based "does not purport to sell all of the assets set forth in the schedules attached to it. It only conveys to the plaintiff those assets still owned by the [Ohio businesses] as of the date of the bankruptcy filing." Implicitly relying on the 2009 assignment of the Tag-A-Long to Erie, the court found that "the plaintiff has not proven that the Tag-A-Long was owned by the [Ohio businesses] at the time of the filing of bankruptcy in 2010." Moreover, the court found that the plaintiff "has not established his right to ownership" under Ohio law. The court's second principal finding was that the defendant proved, by a preponderance of the evidence, that it was a good faith purchaser for value under the Uniform Commercial Code. On the basis of that finding, the court concluded that "[a]ny claims the plaintiff may have had to the Tag-A-Long as against third parties are extinguished and do not survive or justify a claim of ownership against [the defendant's] superior title claim." Accordingly, the court rendered judgment for the defendant on both counts of the complaint, and this appeal ensued.

In his main brief, the plaintiff does not challenge the court's finding that he failed to prove an ownership interest in the Tag-A-Long; he claims only that the court erred in finding that the defendant was a good faith purchaser for value.[3] Conversion and replevin, however, both require proof of an ownership or property interest in the subject property. See *Sullivan* v. *Thorndike*, 104 Conn. App. 297, 308, 934 A.2d 827 (2007) ("[a]n essential element of . . . conversion is the requirement that the party asserting such a claim have either a legal right or possessory interest in the property at issue"), cert. denied, 285 Conn. 907, 908, 942 A.2d 415; *Cornelio* v. *Stamford Hospital*, 246 Conn. 45, 49, 717 A.2d 140 (1998) (prima facie claim for replevin pursuant to General Statutes § 52-515 requires proof, inter alia, that the plaintiff "has a property interest in the [property]" [internal quotation marks omitted]). Thus, the court's unchallenged finding that the plaintiff failed to prove an ownership interest in the Tag-A-Long is wholly dispositive of the plaintiff's claims regardless of whether the defendant was a good faith purchaser for value.[4]

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way." (Citation omitted; internal quotation marks omitted.) *Horenian* v. *Washington*, 128 Conn. App. 91, 97–98, 15 A.3d 1194 (2011). It follows that "[w]here alternative grounds found by the reviewing court and unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant." (Internal quotation marks omitted.) Id., 99. In the present case, there is an independent, unchallenged basis for the court's judgment for the defendant on both counts of the complaint, namely, that he failed to prove that he owned the Tag-A-Long to warrant a judgment of replevin or conversion. Therefore, we cannot afford the plaintiff any practical relief with respect to his remaining claim. Accordingly, the plaintiff's claim is moot and, there being no other claims of error properly before us,[5] we dismiss his appeal for lack of subject matter jurisdiction.

The appeal is dismissed.

[1] The Ohio businesses consisted of All Seasons Contracting, Inc., All Seasons Contracting and Painting, Inc., and All Seasons Contracting and Landscaping, Inc. To avoid confusion, we refer to them collectively throughout this opinion as the Ohio businesses.

[2] The defendant filed an answer on April 20, 2015, denying the material allegations of the plaintiff's amended complaint and asserting three special defenses, two of which are relevant—namely, that the plaintiff "never acquired a good and legal Ohio certificate of title to the Tag-A-Long" as is required under Ohio law, and that it was a good faith purchaser for value under the Uniform Commercial Code by virtue of its acquisition of the Tag-A-Long from Erie in 2012.

[3] The plaintiff challenges the court's finding that he failed to prove an ownership interest in the Tag-A-Long in his reply brief. It is well established, however, that "arguments cannot be raised for the first time in a reply brief. . . . Claims of error by an appellant must be raised in his original brief . . . so that the issue as framed by him can be fully responded to by the appellee in its brief, and so that we can have the full benefit of that written argument. Although the function of the appellant's reply brief is to respond to the arguments and authority presented in the appellee's brief, that function does not include raising an entirely new claim of error." (Citations omitted; internal quotation marks omitted.) *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 593 n.26, 657 A.2d 212 (1995). Moreover, although the plaintiff included this issue in his preliminary statement of issues, he did not include it in the statement of issues section of his main brief and did not provide any analysis or authority anywhere in his main brief to support the claim that the court's finding that he failed to establish his ownership interest in the Tag-A-Long was improper. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citations omitted; internal quotation marks omitted.) *Elm Street Builders, Inc.* v. *Enterprise Park Condominium Assn., Inc.*, 63 Conn. App. 657, 659 n.2, 778 A.2d 237 (2001). For these reasons, the plaintiff's claim that the court erroneously found that he failed to prove that he owned the Tag-A-Long is not properly

before us, and we decline to consider it. We resolve the issue of justiciability solely on the basis of the claims raised and adequately briefed in the plaintiff's main brief.

[4] We note that the defendant's assertion that it was a good faith purchaser for value was raised as a special defense. Accordingly, the court's ruling on the issue was independent from its finding that the plaintiff failed to prove the prima facie element of ownership. See *Braffman* v. *Bank of America Corp.*, 297 Conn. 501, 519, 998 A.2d 1169 (2010) ("[i]t is axiomatic that [t]he purpose of a special defense is to plead facts that are *consistent* with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action" [emphasis in original; internal quotation marks omitted]).

[5] See footnote 3 of this opinion.